UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARYN BRADLEY-ABOYADE,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER D. CROZIER, et al.,<br><br>Defendant. | No. 2:19-cv-01098-TLN-AC<br><br><br><br>**ORDER** |

This matter is before the Court on Defendants D. Crozier ("Crozier"), D. Hatch ("Hatch"), R. Salas ("Salas"), and G. Schopf's ("Schopf") (collectively, "Defendants") Motion to Dismiss. (ECF No. 47.) Plaintiff Taryn Bradley-Aboyade ("Plaintiff") filed an opposition (ECF No. 50), and Defendants replied (ECF No. 52). For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the death of Wayne Benjamin Bradley ("Decedent") while he was in custody at Mule Creek State Prison ("MCSP"). (ECF No. 45 at 2.) Plaintiff, Decedent's surviving daughter, brings this action against multiple individuals, including as relevant here, Officers Crozier, Hatch, Salas, and Schopf under 42 U.S.C. § 1983 for interference with familial relationships in violation of the Fourteenth Amendment. (*Id.* at 9.) Plaintiff alleges Defendants were employed at MCSP and were directly responsible for the safety and wellbeing of all inmates at MCSP, including Decedent. (*Id.* at 2.) Defendants are sued in their individual capacity. (*Id.*)

On November 18, 2017, Decedent was killed by his cellmate, Everett McCoy ("McCoy"). (*Id.* at 6.) McCoy is a 35-year-old "violent" offender with a history of committing alleged "violent acts," both before and after his incarceration. (*Id.* at 4.) He is serving a 28-year to life sentence for a first-degree murder and second-degree robbery conviction. (*Id.*) Plaintiff alleges McCoy threatened and battered correctional officers and other fellow inmates on numerous occasions. (*Id.*) Plaintiff alleges Defendants had general awareness of these prior acts but does not allege facts showing each Defendant was aware of any specific violent incident. (*See generally id.*)

Prior to Decedent's death, Plaintiff alleges McCoy acted increasingly impulsive and unpredictable towards Decedent, threatening his safety. (*Id.* at 4.) Several weeks prior to Decedent's death, Decedent purportedly notified Defendants — each of whom worked shifts during that time in Decedent's housing building — that McCoy had threatened him with violence. (*Id.* at 4–5.) Each Defendant ignored the reported threats and repeatedly told Decedent not to engage in fighting with McCoy or else he would lose his visitation privileges. (*Id.* at 5.) Plaintiff alleges Defendants and various other MCSP staff refused to schedule an "immediate bed move" and instead collectively scheduled a cell transfer for Decedent to occur on November 11, 2017. (*Id.*) This cell transfer was later rescheduled to November 18, 2017, for no apparent reason. (*Id.*)

Plaintiff alleges McCoy obtained the rock he later used to kill Decedent from the recreational yard during the week prior to the attack, and each Defendant was on duty during that week. (*Id.* at 7.) Plaintiff further alleges Defendants all failed to conduct any inspections of

Decedent and McCoy's cell during that week.  (*See id.* at 8.)

Plaintiff initiated this action on June 6, 2019.  (ECF No. 1.)  On August 31, 2021, Plaintiff filed the operative Third Amended Complaint ("TAC"), which proceeds on Plaintiff's claim for the violation of her Fourteenth Amendment due process rights.  (ECF No. 45.)  On September 21, 2021, Defendants Crozier, Hatch, Salas, and Schopf filed the instant motion to dismiss.  (ECF No. 47.)  Plaintiff filed an opposition on October 11, 2021.  (ECF No. 50.)  Defendants filed a reply on October 21, 2021.  (ECF No. 52.)

**II.     STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U. S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**III.    ANALYSIS**

Defendants move to dismiss the only remaining claim against them alleging interference with parent-child relationship. A Fourteenth Amendment substantive due process claim for interference with parent-child relationship requires that the parent and child share an "enduring" relationship. *See Lehr v. Robertson*, 463 U.S. 248, 260 (1983) (citing *Caban v. Mohammed*, 441

1  U.S. 380, 397 (1977)).  A violation of a decedent's constitutional rights may provide the basis for
2  this substantive due process claim.  *Cooper v. Brown*, No. 1:15-cv-00648-LJO-SAB, 2019 WL
3  4138682, at *6 (E.D. Cal. Aug. 30, 2019) (citations omitted).  Here, the claim is premised on a
4  violation of Decedent's rights under the Eighth Amendment.

5        Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from
6  violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations
7  and internal quotations omitted).  The failure to protect an inmate may rise to the level of an
8  Eighth Amendment violation when: (1) the deprivation alleged is objectively, sufficiently serious;
9  and (2) the prison official is deliberately indifferent to the inmate's health or safety.  *Id.* at 834.
10 "Deliberate indifference describes a state of mind more blameworthy than negligence" but is
11 fulfilled by something "less than acts or omissions for the very purpose of causing harm or with
12 knowledge that harm will result."  *Id.* at 835.  "Deliberate indifference is a high legal standard."
13 *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

14       This subjective inquiry into deliberate indifference involves two components.  First,
15 Plaintiff must "demonstrate that the risk was obvious or provide other circumstantial or direct
16 evidence that the prison officials were aware of the substantial risk" to Decedent's safety.  *Lemire*
17 *v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013) (citing *Thomas v. Ponder*,
18 611 F.3d 1144, 1150 (9th Cir. 2010)).  A prison official must "be aware of facts from which the
19 inference could be drawn that a substantial risk of serious harm exists, and he must also draw the
20 inference."  *Farmer*, 511 U.S. at 837.  Thus, an official's "failure to alleviate a significant risk
21 that he should have perceived but did not" does not constitute deliberate indifference.  *Id.* at 838;
22 *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002) (finding that even "[i]f a person
23 should have been aware of the risk, but was not, then the person has not violated the Eighth
24 Amendment, no matter how severe the risk."); *see also LaMarca v. Turner*, 995 F.2d 1526, 1535–
25 36 (11th Cir. 1993) (deliberate indifference requires a prison official possess both knowledge of
26 the danger and the means to cure it).

27 ///
28 ///

Second, Plaintiff must show there was no reasonable justification for exposing Decedent to the risk. *Lemire*, 726 F.3d at 1078; *Thomas*, 611 F.3d at 1150. Thus, a prison official acts with deliberate indifference when he "consciously disregard[s] a substantial risk of serious harm" to a prisoner's health or safety. *See Farmer*, 511 U.S. at 839–40 (applying the Model Penal Code's criminal recklessness standard to Eighth Amendment deliberate indifference) (internal quotations omitted). "[D]irect causation by affirmative action is not necessary: 'a prison official may be held liable under the Eighth Amendment if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc) (emphasis in original) (quoting *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009); *Farmer*, 511 U.S. at 847). Nevertheless, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844; *see also LaMarca*, 995 F.2d at 1536 (failure in attempting to remedy a danger does not amount to deliberate indifference unless the prison official knows of and disregards an appropriate and sufficient alternative).

In the instant case, Defendants argue Plaintiff did not cure her previous pleading deficiencies regarding Defendants' subjective knowledge. The Court agrees. As Defendants properly highlight, the TAC's allegations are virtually identical to the Second Amended Complaint ("SAC"), save for 23 new words added to one sentence of paragraph 17. (ECF No. 47 at 6; ECF No. 45 at 7.) Indeed, Plaintiff explicitly admits that the TAC does not allege new facts against these Defendants and contains only the facts previously alleged in the SAC. (ECF No. 50 at 1.) Plaintiff further concedes that at this time, "Plaintiff does not believe that she will be able to allege further facts regarding the subjective knowledge of the risk posed to Decedent by Defendants D. Crozier, D. Hatch, R. Salas, [and] G. Schopf. . .." (*Id.*)

Absent additional factual allegations regarding Defendants and their subjective knowledge of any risk posed to Decedent, the Court must grant Defendants' motion to dismiss. For the same reasons discussed in the Court's August 6, 2021, Order (*see* ECF No. 44 at 10), Plaintiff has not pleaded sufficient facts to show an obvious link between McCoy's violent history and a specific

1  danger to Decedent.  This is because the TAC, like the SAC, alleges Defendants only have
2  knowledge of Decedents generalized complaints about McCoy's threats of violence.  (ECF No.
3  45 at 3–6.)  This dearth of more specific factual allegations creates an insurmountable legal gap
4  preventing Plaintiff from connecting the alleged unlawful conduct to these Defendants.

5        The Court's previous order found the Plaintiff failed to establish Defendants had
6  subjective knowledge of the risk to Decedent because the SAC contained only "general,
7  unspecified complaints of threats…." (*Id.* at 10.)  The TAC, as discussed above, suffers from the
8  same defects.  As such, Plaintiff failed to cure the defects contained in the SAC and add the
9  requisite particularity to her claim despite being provided leave to amend.  Further, Plaintiff has
10 conceded that she will be unable to add additional factual allegations related to Defendant's
11 sufficient to cure said defects.  (ECF No. 50 at 1.)  Accordingly, the Court grants Defendants'
12 motion to dismiss with prejudice and without additional leave to amend. *Lopez*, 203 F.3d at 1130
13 (dismissal without leave to amend is appropriate when "the pleading could not possibly be cured
14 by the allegation of other facts.")

15     **IV.**    **CONCLUSION**

16       For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss
17 with prejudice and without leave to amend.  (ECF No. 47.)  This action will proceed on the
18 remaining claim in the TAC, Claim Two, as to Defendants T. Heng, C. Larsen, M. Gallegos, T.
19 Collins, and R. Gonzalez.  The Parties are ordered to file a joint status report which must include
20 proposed dates and deadlines moving forward.

21       IT IS SO ORDERED.

22 **DATE:  February 27, 2023**

Troy L. Nunley
United States District Judge

7